# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 3:23-CR-00334-N |
| MYKEL DAYONE JOHNSON<br>Defendant. | § § § | |

## FACTUAL RESUME

In support of Mykel Dayone's Johnson's plea of guilty to the offense in Count One of the Indictment charging a violation 18 U.S.C. § 922 (g)(1) and 924 (a)(8), Mykel Dayone Johnson, the defendant, and his attorney, Corwyn M. Davis, stipulate and agree to the following:

### I.   ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 922 (g)(1) and 924 (a)(8), that is, Possession of a Firearm by a Convicted Felon, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly possessed a firearm as charged;

*Second.*   That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.*   That when the defendant possessed the firearm, the defendant knew he had been convicted of such a crime; and

*Fourth.*   That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

---

[1] Based on Fifth Circuit Pattern Jury Instruction (Crim.) 2.43D (2015); *Rehaif v. United States*, __ S.Ct. __, 2019 WL 2552487 (U.S. June 21, 2019).

## II. **PUNISHMENT FOR THE OFFENSE**

The minimum and maximum penalties the Court can impose include:

a. Imprisonment for a period not to exceed 15 years;

b. a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release not to exceed 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising for all relevant conduct, not limited to that arising from the offense of conviction alone;

f. costs of incarceration and supervision; and

g. forfeiture of property.

## III. **SENTENCING IN THIS CASE**

Mr. Johnson has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the District Court after it has considered the Guidelines and the factors included in 18 U.S.C. § 3553(a). However, neither the Guidelines nor 18 U.S.C. § 3553(a) are binding and the District Court, in its discretion, may sentence the defendant to the statutory maximum penalties if that is a reasonable sentence.

Congress has abolished parole so if the District Court sentences the defendant to a term of imprisonment, he will not be released on parole.

Mr. Johnson understands that a conviction for the instant offense is a felony conviction and that a felony conviction may deprive his of valuable civil rights, including the right to vote, the right to hold public office, the right to sit on a jury, and the right to possess a firearm.

### IV.   CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

Mr. Johnson understands that he has the following constitutional rights:

1. the right to plead not guilty to the charged offense;

2. the right to have a speedy trial by a jury;

3. the right to have its guilt proven beyond a reasonable doubt;

4. the right to confront and cross-examine witnesses and to call and subpoena witnesses in its defense; and

5. the right to not be compelled to incriminate itself.

Mr. Johnson waives the aforementioned rights and pleads guilty to the offense alleged in the one-count Indictment charging his with violating 18 U.S.C. § 922 (g)(1) and 924 (a)(8). Mr. Johnson understands the nature and the elements of the offense for which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

### V.   STIPULATED FACTS

1. Mykel Dayone Johnson admits and agrees that on or about April 13, 2024, within the Northern District of Texas, Dallas Division, Johnson, he did possess in and affecting interstate and foreign commerce a firearm to wit: a Glock 19, 9mm pistol, serial number BKHX389, after having been previously convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and Johnson knew he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year. Prior to Johnson's possession of

the firearm, the firearm had traveled in interstate commerce due to it not being manufactured in Texas.

2. The defendant agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to determine that a factual basis exits to support the defendant's guilty plea to Count One of the Indictment.

## VI. VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Johnson has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offense, the statutory penalties, and the Guidelines and 18 U.S.C. § 3553(a) with his attorney. Mr. Johnson has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and Mr. Johnson is satisfied with his attorney's representation of it in this case. Mr. Johnson concedes that it is guilty of offense alleged in Count One of the one-count Indictment and that it is in his best interests to plead guilty rather than to proceed to trial.

AGREED TO AND SIGNED this 18th day of July, 2024.

_____
Mykel Dayone Johnson

_____
Corwyn M. Davis
Texas Bar No. 24078399
P.O. Box 191055
Dallas, TX 75219
Phone: (972) 900-3828
cdavis@davislawgrp.com